IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT L. DEUTSCH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JORDAN NAMEROW, ESQUIRE | : | |
| DAVID NENNER, ESQUIRE AND | : | |
| NENNER & NAMEROW, P.C. | : | NO. 17-4364 |

## MEMORANDUM ORDER

THOMAS J. RUETER                                                                      April 24, 2019
United States Magistrate Judge

        Presently before the court is defendants' motion for partial judgment on the pleadings ("Mot."; Doc. 48), plaintiff's response in opposition thereto ("Resp."; Doc. 54), and defendants' reply in support thereof ("Reply"; Doc. 55). By Order dated April 2, 2019, the court gave notice to the parties that the above-referenced submission would be treated as a motion for partial summary judgment under Fed. R. Civ. P. 56, given that matters outside the pleadings were submitted to the court. See Doc. 58. Oral argument was presented on April 12, 2019. For the reasons set forth below, the motion is **DENIED**.

**I. SUMMARY JUDGMENT STANDARD**

        Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material when "it might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine

issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).  To defeat summary judgment, the party opposing the motion cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim, Fireman's Ins. Co. v. DuFresne, 676 F.3d 965, 969 (3d Cir. 1982), but must go beyond the pleadings and present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(c).  "[I]f reasonable minds can differ as to the import of the proffered evidence that speaks to an issue of material fact," summary judgment should not be granted.  Burkett v. The Equitable Life Assurance Soc'y of the United States, 2001 WL 283156, at *3 (E.D. Pa. Mar. 20, 2001).  In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor."  Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007).  See also Celotex, 477 U.S. at 322 (same).

## II. DEFENDANTS' MOTION

Defendants assert that they are entitled to partial summary judgment based on the statute of limitations, in that plaintiff "may not recover for any obligation under the subject October 1, 2011 Purchase Agreement that became due or owing prior to September 28, 2013, because the Complaint in this case was filed on September 28, 2017."  (Mot. at 1.)  Plaintiff responds that there are genuine issues of material fact, such that summary judgment is not appropriate.  Specifically, plaintiff asserts that there was an alteration to the original contract whereupon the parties agreed to waive the timeliness of payments, and, in addition, that defendants made a separate agreement to "make good on the back payments," in essence resetting the statute of limitations.  (Resp. at 7.)  In support of this argument, plaintiff submitted

2

an email chain between the parties dated March 31, 2014 (hereinafter "the emails"), wherein the parties discuss payment under the Purchase Agreement.  See Exh. 1 to Resp.; Exh. 1 to Reply.

Defendants in turn argue that any emails between the parties are inadmissible under Federal Rule of Evidence 408 ("FRE 408" or "the Rule") as they evidence "compromise negotiations" between the parties.  (Reply at 9.)  The court will consider first, whether the submitted emails are admissible under FRE 408, and second, whether there is a genuine issue of material fact precluding summary judgment.

1. **Federal Rule of Evidence 408**

Defendants assert that the emails set forth by plaintiff as evidencing a genuine dispute of material fact are inadmissible under FRE 408.  (Reply at 8-9.)  FRE 408 provides:

> (a) Prohibited Uses. Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>> (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>>
>> (2) conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.  FRE 408 seeks the "promotion of the public policy favoring the compromise and settlement of disputes that would otherwise be discouraged with the admission of such evidence."  Steak Umm Co., LLC, v. Steak 'Em Up, Inc., 2009 WL 3540786, at *3 (E.D. Pa. Oct. 30, 2009) (citing Manko v. United States, 87 F.3d 50, 54 (2d Cir. 1996)).  The application of the exclusions found in FRE 408(b) is left to the discretion of the trial court.  Affiliated Mfrs. v. Aluminum Co. of Am., 56 F.3d 521, 528 (3d Cir. 1995).

The first question the court must consider is whether these communications do, in fact, constitute settlement or compromise negotiations as contemplated by the Rule. While formal litigation is not necessary for the application of FRE 408, the party seeking exclusion must demonstrate that there was "an actual dispute, or at least an apparent difference in view between the parties concerning the validity or amount of a claim." Affiliated Mfrs., 56 F.3d at 526, 528 (emphasis added) (citations omitted). See also 2 Kenneth S. Broun et al., McCormick on Evidence § 266 (7th ed. 2013) ("To invoke the exclusionary rule, an actual dispute must exist, preferably some negotiations, and at least an apparent difference of view between the parties as to the validity or amount of the claim." (footnotes omitted)).

Based on the current record, the court finds that the emails do not constitute settlement or compromise negotiations. While there is undoubtedly some back-and-forth discussion regarding the terms of the agreement, namely the timing and amount of back payments, at no time in the submitted emails do defendants contest either the validity of the claim or the amount of the claim set forth by plaintiff.[1] See Tsudis Chocolate Co. v. FGH Consulting USA, Inc., 2008 WL 4272651, at *1 (W.D. Pa. Sept. 11, 2008) (finding that "business discussions" were not excluded under FRE 408 where "FGH did not dispute the amounts Tsudis Chocolate claimed to be due or the validity of its claim during the discussions."); cf. ECEM European Chem. Mktg. B.V. v. Purolite Co., 2010 WL 419444, at *9 (E.D. Pa. Jan. 29, 2010) (finding discussions evidenced a dispute for the purposes of FRE 408 where the parties were not "simply attempting to renegotiate its deal or payment terms . . . for a debt with an agreed upon amount."). On the contrary, in the earliest email in the chain, plaintiff asserted that

---

[1] The court further notes that plaintiff does not appear to indicate at any time that he was compromising or conceding any claim he had against defendants. See Tsudis, 2008 WL 4272651, at *1.

approximately $200,000 was owed, which defendants did not challenge.[2] (Exh. 1 to Reply at 4-5.)

To be sure, the court is cognizant that a dispute as to the amount and/or validity of the claim arose at some point. However, where there is "not yet a dispute," FRE 408 is "inapplicable." S.A. Healy Co v. Milwaukee Metro. Sewerage Dist., 50 F.3d 476, 480 (7th Cir. 1995). At the time the emails were written, it appears to the court that defendants acknowledged both that a debt was due, and the amount of such debt.[3] Defendants have not sustained their burden to show that such a dispute existed at the time of these communications, and thus, have not established that the emails fall within the scope of FRE 408.

Nonetheless, even if the court were to find that the emails constitute settlement negotiations under FRE 408, the Rule would not bar the emails for the offered purpose. As stated in FRE 408(b), settlement negotiations can be offered for a purpose other than proving or disproving the validity or amount of a disputed claim. One of the stated examples of "another

---

[2] The court notes that one of defendants' emails indicates that "we do not concur with your reading of the Purchase Agreement." (Exh. 1 to Reply at 3.) However, this statement appears to correspond to plaintiff's proposal that the monthly payments continue, but that he no longer be part of the firm. Id. at 3-4.

[3] The emails contain several offers and proposals regarding the payment of the back debt, as well as defendants' intention to pay the same. See Exh. 1 to Reply at 1 (proposing to pay a minimum of $3,000 per month in response to plaintiff's request that defendants "lay out [their] plan for back funds and percentages"; expressing that defendants have undertaken their "best efforts to comply with the payment terms"), 2 (expressing that defendants "are as eager as [plaintiff] to pay the back balance"), 3 (contemplating paying back fees "in full"). However, these proposals are not protected under FRE 408, as the validity and amount of the claim was not disputed. See 2 Kenneth S. Broun et al., McCormick on Evidence § 266 (7th ed. 2013) ("An offer to pay an admitted claim is not privileged since there is no policy of encouraging compromises of undisputed claims, which should be paid in full. If the validity of the claim and the amount due are undisputed, an offer to pay a lesser sum in settlement or to pay in installments would accordingly be admissible." (footnotes omitted)).

5

purpose" for which the evidence may be admitted is to "negat[e] a contention of undue delay."[4] Id. In the instant case, even if the emails fell within the scope of FRE 408, the court would admit them for "another purpose," that is, to negate defendants' contention that plaintiff did not file his complaint within the applicable statute of limitations. See Faulkner v. Arista Records LLC, 797 F. Supp. 2d 299, 317 (S.D.N.Y. 2011) (finding evidence admissible under FRE 408 where "the evidence of these [settlement] communications is offered to determine whether [p]laintiffs may even assert claims stemming from obligations that existed prior to [the statute of limitations], and not whether those claims are valid."); see also PRL USA Holdings, Inc., v. U.S. Polo Ass'n, 520 F.3d 109, 114-15 (2d Cir. 2008) (finding that establishing undue delay, as well as estoppel by acquiescence, are proper applications of the "another purpose" exception to FRE 408).[5]

---

[4] As observed by Wright and Gold, cases involving the use of compromise evidence to account for failure to meet time limits are not common. One reason for this is because "under most statutes, the fact that one was attempting to compromise the dispute is usually no excuse for failure to file the complaint or take whatever steps are required to comply with the statute." 23 Charles A. Wright and Victor James Gold, Federal Practice and Procedure: Evidence § 5312, at 284 n.14 (2018). However, as discussed herein, such evidence is properly admitted to show estoppel or other equitable remedies.

[5] At the hearing, defense counsel argued that the emails would not fall within the "another purpose" exception as they are, in fact, being offered to show the validity of the claim, because, if untimely, some of plaintiff's claims would not be valid. (N.T. 4/12/19, at 39-40, 48.) However, as found by the Second Circuit, such an interpretation "would deprive Rule 408's exception of all meaning." PRL, 520 F.3d at 114. In PRL, as here, the plaintiff argued that settlement evidence pertaining to defendant's estoppel argument was offered not for "another purpose," but to prove the validity of the claim, because if the defendants were able to prove estoppel, the plaintiff's claim would fail. Id. The court explained:

> In a sense, all evidence offered seeks to either "prove liability for or invalidity of [a] claim or its amount." If we accepted [the plaintiff's] contention of the meaning of the Rule, there would be no evidence falling within the category whose exclusion is "not require[d]" because it is "offered for another purpose." The exception would be meaningless.
>
> The exception clearly intends to exempt from the absolute prohibition of the Rule evidence focused on issues different from the elements of the primary claim in dispute.

6

Moreover, exclusion of the emails is not warranted for policy reasons. If the court were to exclude the emails, such exclusion would be an abuse of the spirit and policy underlying FRE 408. See 23 Charles A. Wright and Victor James Gold, Federal Practice and Procedure: Evidence § 5312, at 285 n.20 (2018) ("It would be an abuse of the rule for a party to make statements in compromise negotiations that led his opponent to believe that he would not insist on his meeting applicable time limitations, then object under Rule 408 when the opponent attempts to prove the waiver."); Bankcard Am., Inc. v. Universal Bancard Sys, Inc., 203 F.3d 477, 484 (7th Cir. 2000) (same) (citation omitted). The emails indicate that the original agreement may have been modified, or that the parties may have come to an agreement or understanding regarding the timeliness of the payments. See Exh. 1 to Reply at 2 ("It is clear to me that all parties have agreed to waive . . . our tim[e]liness of payments."). It would be inequitable to prohibit the admission of the emails to prove the parties' waiver of the enforcement of the statute of limitations.

For these reasons, the court finds that FRE 408 does not bar consideration of the emails submitted by the parties to the court.

**2. Genuine Dispute of Material Fact**

Given that the court has found the March 2014 emails to be admissible, it is clear when examining the evidence of record in the light most favorable to the non-moving party that there is a genuine dispute of material fact as to the modification of the terms of the original contract, or the acknowledgement of the debt by defendants. In the emails submitted to the court, defendants make reference to adjustments made to the original purchase agreement. See

---

Id. For the purpose they are offered in the instant case, the emails are applicable to issues different from the elements of the underlying contract claim. Therefore, defendants' argument is not persuasive.

Exh. 1 to Reply at 2 (stating that "all parties have agreed to waive the apportionment of your work efforts and our tim[e]liness of payments" and discussing "mutual prior adjustments to the contract"). As plaintiff's Response argues, there is also an issue of fact concerning whether the emails amount to a subsequent promise to pay by defendants. (Resp. at 3.) As such, the issue is inappropriate for summary judgment.

Moreover, defendants' answer to plaintiff's amended complaint ("Answer"; Doc. 25) itself indicates that there may have been modifications to the original agreement. See Answer at 5 (indicating there had been "terms or conditions which were understood, accepted, acknowledged or conceded to" by plaintiff); 6 (indicating that there was an "acceptance or ratification of [d]efendants' actions, conduct, or course of dealing"). At the hearing, plaintiff indicated that such modification or ratification may be relevant to the statute of limitations issue. (N.T. 4/12/19, at 52-54.) Thus, even absent consideration of the contested emails, the court would find that defendants have not established that there is no genuine issue of material fact in connection with their motion for summary judgment.

The record before the court also contains a disputed issue as to the applicability of the payments made by defendants. As plaintiff's counsel argued during the hearing, there is an issue of fact as to the allocation of the payments, that is, which obligations were satisfied by the payments made to plaintiff by defendants. (N.T. 4/12/19, at 24-27.) Under plaintiff's "first-in, first-out" interpretation, it is not clear what, if any, balance would be excluded by strict application of the statute of limitations. There is some basis in the law for plaintiff's argument. See, e.g., RLI Insurance Co. v. Bennett Composites, Inc., et al., 2005 WL 2902496, at *8 (E.D. Pa. Nov. 2, 2005) (observing that under Pennsylvania law, "when a debtor does not indicate to which debt the payment is to be applied, the creditor may apply it in any manner he chooses.");

Wagner's Appeal, 103 Pa. 185 (1883) ("[W]hen one indebted to another on several accounts, makes a payment, he may direct on which it shall be applied. If he omits to do so, the creditor may apply the payment as he sees proper. When no specific application has been made by either debtor or creditor, the law will apply it in the way most beneficial to the creditor, or in discharge of the earliest liabilities of a running account." (citations omitted)); see also Restatement (Second) of Contracts §§ 258, 259, 260 (1981) (same).

In sum, defendants have not demonstrated the absence of a genuine issue of material fact as to the statute of limitations. See Celotex, 477 U.S. at 323-325. Based on this court's review of the record in the light most favorable to plaintiff, it is clear that reasonable minds could differ as to the import of the evidence offered. See Wishkin, 476 F.3d at 184; Burkett, 2001 WL 283156 at *3. Defendants' motion for partial summary judgment is denied.

## III. CONCLUSION

In analyzing the evidence, the court has viewed the facts in the light most favorable to plaintiff, the non-moving party, and has drawn all inferences in plaintiff's favor. Plaintiff has sufficiently "set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. Thus, defendants' motion for partial summary judgment must be denied.

For the reasons set forth in this Memorandum, it is hereby **ORDERED** that defendants' Motion is **DENIED**.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge